16-1804
Cinotti v. Adelman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

PRESENT:
> ROBERT A KATZMANN,
> *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

_____

Lucia Cinotti,

> *Plaintiff-Appellant,*
>
> v.                                                                16-1804

Gerard I. Adelman,

> *Defendant-Appellee.*<sup>*</sup>

_____

FOR APPELLANT:                    LUCIA CINOTTI, pro se, Shelton, CT.

FOR APPELLEE:                     MICHAEL K. SKOLD, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

---

*  The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lucia Cinotti, pro se, appeals from the district court's judgment dismissing her complaint against a state court judge. Cinotti alleged that the state judge discriminated against her in her divorce proceeding based on her gender and pro se status, purportedly in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, when he denied her motions to compel payment of $50,500 and ordered her to vacate her marital home on a certain date. The district court granted the state judge's motion to dismiss, holding that federal question jurisdiction under 28 U.S.C. § 1331 was lacking because Title VII was irrelevant to Cinotti's claims and, alternatively, that Eleventh Amendment sovereign immunity barred her claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the grant of a motion to dismiss, "constru[ing] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012). Courts must liberally construe pro se pleadings, "particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

2

The district court correctly held that Title VII, an employment discrimination statute, did not establish a basis for federal question jurisdiction over Cinotti's complaint. However, we conclude that, although her pro se complaint does not refer to 42 U.S.C. § 1983, the district court should have construed it liberally as asserting § 1983 claims, which provide a basis for federal question jurisdiction. A plaintiff asserting a § 1983 violation must show that a person acting under color of state law deprived the plaintiff of a "constitutional or federal statutory right," *Washington v. Cty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004), and Cinotti's complaint alleges that the state judge violated her due process and equal protection rights while acting under color of state law, *see McEachin*, 357 F.3d at 199 n.2 ("[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."). Moreover, Cinotti referred to § 1983 in her opposition to the defendant's motion to dismiss.

Although the district court should not have dismissed the complaint for lack of jurisdiction, we nevertheless affirm the dismissal because Cinotti's § 1983 claims fail. To the extent Cinotti seeks injunctive relief against the state judge, her claims are barred by the text of § 1983, which provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Cinotti's complaint does not suggest that the state judge violated a declaratory decree or that declaratory relief was unavailable.

To the extent Cinotti seeks monetary relief against the state judge in his official capacity, her claims fail because he is not a "person" within the meaning of § 1983. *Will v. Mich. Dep't of*

3

*State Police*, 491 U.S. 58, 71 (1989). To the extent Cinotti seeks monetary relief against the state judge in his individual capacity, her claims fail because he is protected by judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (Per Curiam). We do not decide that the defendant was or was not correct in his actions or did or did not act properly. We mean only that even if the judge's actions were, as the plaintiff asserts, incorrect or improper, the plaintiff is barred by established law from bringing a lawsuit against the judge to correct or obtain compensation for that error. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").

We have reviewed the arguments raised by Cinotti on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4